Filed 7/18/25  P. v. Larsen CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ORLIN D. LARSEN,<br><br>        Defendant and Appellant. | A172938<br><br>(Tehama County<br>Super. Ct. No. 21CR002896) [1] |

Defendant Orlin D. Larsen appeals from a judgment after he entered into a plea agreement and pled guilty to two felonies in exchange for a stipulated prison sentence and the dismissal of the remaining seven counts. Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. Larsen was informed of his right to file a supplemental brief, and filed three submissions.  We have reviewed counsel's brief and Larsen's supplemental submissions and have independently reviewed the record.  We find no errors

_____

[1] Larsen's convictions were in Tehama County, and the appeal originated in the Third Appellate District.  Pursuant to California Rules of Court, rule 10.1000(a)(1)(C), the Chief Justice transferred this appeal to this court, and this court assigned it case number A172938.

1

or other issues requiring further briefing. Except for a clerical error in the judgment and commitment order that requires correction, we affirm.[2]

## BACKGROUND

On January 10, 2022, the Tehama County District Attorney filed a second amended complaint alleging that Larsen committed nine sex crimes against a minor identified by her initials. A preliminary hearing was conducted on January 11, and Larsen was held to answer on all nine counts. Larsen was represented by public defender Christopher Logan at the preliminary hearing.[3]

On January 28, 2022, the Tehama County District Attorney's Office filed a nine-count information alleging Larsen had committed the following crimes against a minor victim identified as T.U. (all statutory references are to the Penal Code): section 220, subdivision (a)(2) (count 1; assault of minor with intent to commit a felony); section 288, subdivision (a) (count 2; lewd act on child under age 14); section 261.5, subdivision (d) (count 3; unlawful sexual intercourse); section 287, subdivision (b)(1) (count 4; oral copulation of a minor); section 288, subdivision (c)(1) (count 5; lewd act on a child age 14 or 15); section 261, subdivision (a)(2) (counts 6 and 7; forcible rape of a minor over age 14); section 288.5, subdivision (a) (count 8; continuous sexual abuse); and section 288, subdivision (b)(1) (count 9; forcible lewd act upon a child under the age of 14).

---

[2] During the pendency of this appeal, Larsen filed a petition for writ of habeas corpus in this court. By separate order, we deny the habeas petition in case No. A173095.

[3] Logan was first appointed to represent Larsen on November 15, 2021, when Larsen appeared in custody on the initial five-count criminal complaint in this matter.

On June 24, 2022, Larsen's counsel Christopher Logan was relieved, and Alessio Larrabee was appointed to represent him.

On October 7, 2022, Larsen agreed to plead guilty to counts 2 and 8 (violations of § 288, subd. (a), and § 288.5, subd. (a)) in exchange for a stipulated sentence of 14 years in state prison and the dismissal of the remaining seven counts.

Larsen completed a written felony "Plea Form with Explanations and Waivers of Rights" that advised him of his constitutional rights and the rights he was waiving; the form was signed by his counsel and eventually by the court after the court reviewed the form and orally examined defendant. The terms of the written plea agreement included that he would "waive appeal," although the trial court did not mention this or Larsen's right to appeal at the change of plea hearing when the court asked Larsen if he understood and specifically gave up his right to remain silent, his right to jury trial, and his right to confront witnesses, present evidence, testify, and subpoena witnesses.

The court asked Larsen whether someone forced him to enter the guilty plea, whether he needed more time to speak with his attorney before entering the plea, and whether anything was then affecting his ability to think clearly or use good judgment. He answered "no" to all three questions.

The district attorney and defense counsel stipulated that the preliminary hearing transcript contained a factual basis for the plea.[4]

---

[4] The preliminary hearing transcript is not a part of the record on appeal. The Tehama County Probation Department report, prepared in connection with the sentencing, summarizes a Red Bluff Police Department report on April 11, 2021, where the victim reported she had been sexually assaulted repeatedly by Larsen, beginning when she was 12 years old and

3

The court found there was factual basis for the plea, that the plea was free, voluntary and knowing, and that Larsen knew and understood the nature of the charges, the consequences of his plea and the waivers. The court dismissed the remaining counts as part of the plea.

Defense counsel then asked to approach, noting that he was "looking at the date ranges on here and I just want to make sure they are legally valid." The record indicates an unreported bench conference was held. When the parties went back on the record the prosecutor requested to amend the date range on count 8 so that the relevant time period ended on September 1, 2017, instead of September 1, 2018. As stated by defense counsel, "and the reason for that is so as not to run afoul of the provisions of 288.5 [count 8] which would not allow a conviction of that and a 288 [count 2] with an overlapping date range."[5] Larsen's counsel waived arraignment on the amendment to count 8. The court ascertained that Larsen personally understood the date was changed from 2018 to 2017; Larsen replied, "[y]eah, they have to, since it didn't add up, yeah." The court explained that the count was amended for the purposes of sentencing, and then read the amended charge of count 8, to which Larsen entered a plea of guilty. Counsel stipulated there was the same factual basis for the plea, and defense counsel joined in the plea. The court stated that it "finds as I previously did" a factual basis for the plea, and found that Larsen knew, understood, and waived his constitutional rights.

ending several years later. The earliest date on which a crime is alleged in the information is December 1, 2016; the latest date is September 8, 2020.

[5] Count 2 alleged a violation of section 288, subdivision (a) from on or about September 9, 2017 to September 8, 2018; count 8, before amendment, alleged a violation of section 288.5, subdivision (a) (continuous sexual abuse) from on or about December 1, 2016 to September 1, 2018, of the same victim.

On October 31, 2022, Larrabee was relieved as Larsen's counsel and Leo Barone was subsequently appointed. On November 7, the sentencing was continued one week.

At the sentencing hearing on November 14, 2022, Larsen was sentenced in accordance with the stipulated sentence in the plea agreement: on count 8, the midterm of 12 years in state prison, and on count 2, one-third the midterm of six years for two years, consecutive to count 8, for a total aggregate sentence of 14 years. The court found Larsen had a total of 425 days of credit for time served (370 days actual, 55 days conduct). The court imposed fines and fees in accordance with the report from the Tehama County Probation Department, to which there was no objection. Any restitution was in an amount to be determined.

Larsen apparently submitted a notice of appeal to the Third District Court of Appeal that was received on June 7, 2024. On July 8, 2024, the Third District Court of Appeal granted defendant's request for permission to file a notice of appeal under the constructive filing doctrine, and the Tehama County Superior Court filed the notice of appeal as of that date, per order of the Court of Appeal. Larsen's notice of appeal requested a certificate of probable cause. It does not appear from the record that the trial court ruled on the request for certificate of probable cause within the 20-day time period required by California Rules of Court, rule 8.304(b)(2). Larsen's appellate counsel states that the certificate of probable cause was denied in the trial court by virtue of its failure to respond, citing this rule. There does not appear to have been any challenge to the trial court's refusal to issue a certificate of probable cause. (See *People v. Johnson* (2009) [propriety of a trial court's refusal to issue a certificate of probable cause is reviewable on a writ of mandate].) If Larsen wanted to pursue issuance of a certificate of

5

probable cause, he needed to file a writ petition with the court of appeal to order the trial court to issue one, and he did not. Thus any issues as to the validity of Larsen's plea are not before us. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(2).)

## DISCUSSION

We have reviewed the record on appeal for any arguable issues and find none. In reaching our decision we have also considered Larsen's three pro se supplemental filings and the contentions they raise (to the extent we can understand them). We find them without merit and explain why. (*People v. Freeman* (2021) 61 Cal.App.5th 126, 134; *People v. Kelly* (2006) 40 Cal.4th 106, 110).)

In supplemental briefing filed March 3, 2025, Larsen suggests that his plea was made under duress and his counsel was ineffective. He refers to matters that were done "off the record," but those matters are not in the record before us. (See *In re Carpenter* (1995) 9 Cal.4th 634, 646 ["Appellate jurisdiction is limited to the four corners of the record on appeal"].) Larsen makes assertions about what happened and what was said to him at "pretrial." We have no record (nor any date) of what was stated at this proceeding, and cannot discern the argument. He asserts that count 8 was amended to a different date and he was "not informed about his rights or consulted on the matter." As we have described, the transcript of the change of plea hearing belies that statement. Larsen contends the "[c]ount 8 date range is not consistent with evidence given at preliminary hearing and therefore is a violation of due process." But Larsen does not explain how it is not consistent, and in any event, this is an attempt to challenge the validity of the plea and/or his admission of guilt when he pleaded guilty, issues that are not before us. (See § 1237.5, subd. (a); *People v. Mendez* (1999) 19 Cal.4th

6

1084, 1095–1096 ["[S]ection 1237.5 provides that a defendant may not take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere unless he . . . has obtained from the superior court a certificate of probable cause for the appeal"].)

Larsen correctly observes, without more, that the abstract of judgment does not reflect the correct date range for count 8.  This is a clerical error that must be corrected to conform to the court's oral statement at the change of plea hearing and the arraignment on amended count 8.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)  We address this in the disposition.[6]

To the extent Larsen seeks to make an ineffective assistance of counsel claim, he "must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms," and, second, "resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  We have reviewed the limited record before us in this *Wende* appeal and do not find that appellate counsel has been deficient.

On March 17, 2025, Larsen filed a second supplemental document, a two-page handwritten letter that "ask[s] the court to modify [his] sentence,"

---

[6] The abstract of judgment incorrectly reflects for count 8 that the "year crime committed" is "2016-18."  As we have discussed, count 8 was amended at the time of the change of plea, and the date range is from December 1, 2016-September 1, 2017.

by striking count 2 and imposing the "low to mid term on 8." Because Larsen entered into a plea agreement and received the stipulated sentence pursuant to this agreement, the March 17, 2025 letter does not raise any cognizable appellate issue. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 78 [an appellate challenge to a sentence that was "negotiated as part of the plea bargain . . . is, in substance, attacking the validity of the plea" and requires a certificate of probable cause].)

On April 15, 2025, Larsen submitted a third supplemental document, a handwritten letter, in which he returns to the issue he raised in his first supplemental brief about the amendment to count 8, and reiterating the same points. He argues that "[a]t the very least count 2 should be vacated, sentence modified to 12 years. I am actually innocent but I realize prosecution knew this too and found a way to pressure a plea." For the reasons we have stated above, we do not find that this raises an arguable issue on appeal.

We conclude as follows: Larsen was sentenced after entering guilty pleas. Before entering his guilty pleas, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving. The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary. The sentence was consistent with the plea agreement and appears to be authorized by law, including the fines and fees.

Based on our review of the limited record before us, defendant was represented by competent counsel.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

The matter is remanded to the trial court to prepare a correct abstract of judgment so that, under the heading "year crime committed," it reflects that *2016-2017* is the date range for the conviction on count 8 (§ 288.5, subd. (a), continuous sexual abuse).

## DISPOSITION

The matter is remanded to the trial court to correct the abstract of judgment as described immediately above to include the correct dates (December 1, 2016 – September 1, 2017) for the "year crime committed" as to Count 8.  The clerk is directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Richman, J.


A172938, *People v. Larsen*